UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNEST JAMES GARCIA,<br><br>              Plaintiff,<br><br>   vs.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>              Defendant. | CASE NO. ED CV 13-1122 RZ<br><br>MEMORANDUM OPINION AND ORDER |

      Plaintiff Ernest James Garcia claims that the Social Security Commissioner wrongly denied disability benefits. He presents two arguments. First, he asserts that the Administrative Law Judge (ALJ) improperly discredited, in part, Plaintiff's testimony about his subjective symptoms. Second, Plaintiff claims that the ALJ prejudicially erred by failing to mention – and by implicitly discrediting – a third-party statement supporting Plaintiff's claim. The Court disagrees on both counts and will affirm.

      The ALJ agreed that Plaintiff suffers "severe" bipolar disorder, diabetes and abuse of alcohol, marijuana and amphetamines. *See* Administrative Record (AR) 14. The ALJ also agreed with Plaintiff and the testifying Vocational Expert (VE) that Plaintiff's impairments prevented him from returning to his prior work. AR 17. Based in part, however, on a partial discrediting of Plaintiff's subjective complaints, the ALJ went on to

find that Plaintiff's residual function capacity (RFC) left him able to perform work for which jobs existed. AR 15-18.

## I. PARTIAL DISCREDITING OF PLAINTIFF'S SUBJECTIVE ACCOUNT

Plaintiff first argues that the ALJ erred in partially discrediting Plaintiff's subjective testimony. The ALJ based his credibility decision on a relative lack of evidence to support the Plaintiff's reported degree of limitation, in addition to other factors. Indeed, so long as *some* medical evidence supports the existence of *some* subjective symptoms, the lack of more thorough objective medical evidence "cannot form the sole basis for discounting [subjective] testimony." *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005). Here, the key factor cited by the ALJ in undermining Plaintiff's credibility was the stark inconsistency in his accounts, in at least two respects. *See* AR 17.

The first of these was Plaintiff's alcohol use. At the June 2010 administrative hearing, Plaintiff told the ALJ that he had quit drinking two or three years earlier. AR 27. The ALJ immediately asked Plaintiff, "You're positive?" Plaintiff affirmed that he had quit "about two years" earlier. *Id.* But the ALJ next confronted Plaintiff with VA records from March 2010, AR 27-28, which reflect that, at that time,

* Plaintiff told a VA nurse that he was "*trying* to detox without assistance";
* a VA nurse "spoke to him regarding getting help through ATU [Addiction Treatment Unit] for assistance quitting ETOH [alcohol]"; but
* Plaintiff "declined any assistance at that time, stating that he would try to walk-in to the module this week" and "[d]eclined to visit ATU with me stating that he had somewhere to go."

AR 601 (emphasis added). These VA records belie Plaintiff's teetotaling account to the ALJ. Although it is possible that Plaintiff lied only about alcohol use and was truthful in all other respects, the ALJ may consider inconsistencies such as these in determining an applicant's credibility. *See Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012). Plaintiff's lack of candor and consistency is one of the "ordinary techniques of credibility

evaluation" permitting an ALJ to discount Plaintiff's account about the extent of his subject symptoms. See *Thomas v. Barnhart*, 278 F3d 947, 958-60 (9th Cir. 2002).

The second set of inconsistencies arises in Plaintiffs' account of his leg pain. He told the ALJ this pain was the principal reason why he could not work and that the pain ran all the way from his hip to his feet. AR 34-35. But minutes later in the same 2010 hearing, Plaintiff stated that he helps with yard work and vacuuming, explaining that this takes "some guilt off my conscience" for not working. AR38. Plaintiff also reported going outside daily, both on foot and by car. AR 212. It was at least reasonable, and was supported by substantial evidence, for the ALJ to conclude that Plaintiff was not quite as limited by his pain as Plaintiff testified.

## II. THIRD PARTY STATEMENT OF CHRISTINE MOHLER

Plaintiff's second and final argument is that the ALJ failed to address, and improperly if tacitly discounted, the third party statement (AR 225-32) of Christine Mohler, who also served as scrivener for Plaintiff's own Function Report and Work History Report. See AR 209-24. An ALJ must base third-party credibility findings on "reasons that are germane to [the specific] witness." *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993).

Although the form Mohler used (SSA-330-BK, "Function Report – Adult – Third Party") recites that Mohler is supplying the information, her responses suspiciously discuss Plaintiff's symptoms in the first person rather than the third person. For example, in section 15 of the form, involving Meals, question 15.b calls for an explanation of "why [the claimant] cannot or does not prepare meals." Mohler responds, "I [*sic*] eat with family + friends." AR 227. In section 16 ("House and Yard Work"), the form directs Mohler to "explain why" "the disabled person doesn't do house or yard work." She answered, "Because of my [*sic*] hip pain." AR 228. Similarly, in section 20 ("Hobbies and Interests"), the form seeks a description of "any changes in these activities" by the claimant since the disability began. Mohler responds, "I [*sic*] sleep most of the time." AR

229. Finally, in response to a form question about which of various activities are impacted by the disability and how, Mohler checked several boxes and wrote, "The pain in my [sic] hip effect [sic] all of the above." Not once does any of Mohler's responses on the form refer to the Plaintiff in the third person.

Any error in the failure to address Mohler's statement was harmless. Mohler's statement merely parrots Plaintiff's own subjective account, including even the use of first-person narrative. (Indeed, this fact might serve as an additional basis for discounting Plaintiff's own credibility.) Because the ALJ already gave sound reasons for discounting Plaintiff's own account, it was also proper to discount a third party statement so closely tracking that account. *Valentine v. Commissioner*, 574 F.3d 685, 694 (9th Cir. 2009).

\* \* \*

In sum, the underlying opinion was free of material legal error and supported by substantial evidence. *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992). In accordance with the foregoing, the Court affirms the decision of the Commissioner.

DATED: 8/4/14

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE